UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00545-FDW-DCK

| | |
|---|---|
| GOD'S LITTLE GIFT, INC., doing business as HELIUM & BALLOONS ACROSS AMERICA (also known as "HABAA"), and GARY PAGE,<br><br>    Plaintiffs,<br><br>vs.<br><br>CTI INDUSTRIES CORPORATION (A/K/A CONTAINER TECHNOLOGIES INC.)<br><br>    Defendant. | ORDER |

**THIS MATTER** is before the Court on Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. No. 2). Plaintiffs filed a response (Doc. No. 5) stating that they do not oppose Defendant's Motion (Doc. No. 2). Having carefully considered the motion, supporting memorandum, and the record in this case, the Court GRANTS Defendant's Motion.

**BACKGROUND**

On July 26, 2017, Plaintiffs filed this action in the General Court of Justice, Mecklenburg County. (Doc. No. 1-1). Defendant removed the matter to this Court on September 12, 2017, based upon diversity jurisdiction. Id. This cause of action stems from Plaintiffs' business relationship with Defendant. Id. Plaintiffs' complaint alleges that this is a lawsuit for: (1) deceptive and unfair trade practices for CTI having stolen balloon business from HABAA; (2) breach of contract for certain commissions owed based upon a commissions contract for Balloons

1

sold by CTI; and (3) deceptive and unfair trade practices and conversion for unlawfully taking and expropriating certain proprietary software developed by HABAA.  Id. at 3.

On September 15, 2017, Defendant filed its Motion to Compel Arbitration and Stay Proceedings, citing a "Master Representative Agreement" ("Master Agreement") and "Assignment Agreement" signed by Plaintiff. (Doc. No. 2-1).  Both agreements state that they are governed by Illinois substantive law.  Id. at 4.  The Master Agreement includes an arbitration clause that states, in pertinent part:

> 13. Arbitration.  Any controversy or claim arising out of or relating to this Agreement, or the violation of any term hereof, shall be settled by arbitration in Chicago, Illinois, pursuant to rules of the American Arbitration Association then in effect.  Any judgment upon the award rendered in such arbitration may be entered in any court of competent jurisdiction.

Id.  This arbitration clause incorporates the relevant American Arbitration Association rules, which state the following:

> R-7. Jurisdiction
>
> (a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.
> (b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part.  Such an arbitration clause shall be treated an agreement independent of the other terms of the contract.  A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.
> (c) A party must object to the jurisdiction of the arbitrator to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objecting.  The arbitrator may rule on such objections as a preliminary matter or as part of the final award. *American Arbitration Association Commercial Arbitration Rules* (2013 ed.).

Id.  Defendant and Plaintiffs agree the arbitration clause within the Master Agreement is enforceable under the Federal Arbitration Act ("FAA"). (Doc. No. 2-1, p. 4-6) (Doc. No. 5, p. 2).

## DISCUSSION

The FAA mandates the enforcement of arbitration agreements where such agreements (1) are valid under general principles of contract law and (2) are part of a contract or transaction involving interstate commerce. See 9 U.S.C. § 2. Moreover, when an enforceable arbitration agreement exists, and the issues in the dispute fall within its scope, a federal district court must stay the proceedings on a party's motion to compel when the other has "failed, neglected, or refused to comply with an arbitration agreement." Gilmer v. Interstate /Johnson Lane Corp., 500 U.S. 20, 25 (1991) (citing 9 U.S.C. §§ 3, 4); see also Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002) ("A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview.").

The parties agree the arbitration agreement at issue is valid and enforceable under general principles of Illinois contract law. Plaintiff, Gary Page, signed the unambiguous Master Agreement, which includes the arbitration clause, representing he agreed to and understood its terms. (Doc. No. 2-3, p. 9). Additionally, no questions have been raised as to the application of the FAA in this case based on preliminary issues of the existence of a written agreement between the parties and a transaction involving interstate commerce. Therefore, the FAA governs the Agreement between the parties in this case.

"[P]arties are generally free to structure their arbitration agreements as they see fit," Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 682 (2010) (citations and quotations omitted). Accordingly, parties "may agree to limit the issues subject to arbitration, to arbitrate according to specific rules, and to limit with whom a party will arbitrate its disputes . . . . The point of affording parties discretion in designing arbitration processes is to allow for efficient,

streamlined procedures tailored to the type of dispute." AT & T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011) (internal citations and quotations omitted).

Plaintiffs' allegations specifically relate to the business relationship governed by the Master Agreement and the Assignment Agreement. Under the Master Agreement, Plaintiffs would promote and generate additional new customers and sales for CTI. (Doc. No. 1-1, p. 3). Under the Assignment Agreement, Plaintiffs assigned certain established businesses that it had already developed to CTI in return for payments on ongoing commissions in perpetuity. Id. Consequently, the specific issues in the dispute at hand clearly fall within the scope of the arbitration clause in the Master Agreement. Additionally, Plaintiffs will not be prejudiced by enforcement of the arbitration clause because the litigation is only in its beginning stages and neither party has yet expended significant amounts of time or money.

Plaintiffs clear, written and signed agreements with Defendant to resolve disputes related to their business relationship, fully satisfies the requirements of Illinois law for enforceable arbitration agreements. Moreover, the clause is valid under the requirements for compelling arbitration under the FAA.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. No. 2) is GRANTED. The parties are ORDERED to proceed to arbitration and submit reports to the Court every ninety (90) days. The dispute must be resolved within twelve (12) months from the date of this Order. Failure to do so will result in Court Action.

IT IS SO ORDERED.

Signed: September 20, 2017

Frank D. Whitney
Chief United States District Judge

4